OPINION OF THE COURT
Louis J. Ohlig, J.
The plaintiff moves for summary judgment pursuant to CPLR 3212.
The relevant facts indicate that sometime during the first week of October 1990, inquiries were made of plaintiff by a person from the defendant municipality regarding the rental *463 cost for a woodchipper. Thereafter, plaintiff received a call from Wayne Prospect, the head of the Solid Waste Department of the Department of Environment of the Town of Huntington. Mr. Prospect verified the pricing of the rental of the woodchipper and informed the plaintiff that the defendant was going to rent said equipment from the plaintiff for two months at the rate specified in the rental agreement, to wit: $1,500 per month for a total of $3,000. The plaintiff was instructed to bring the chipper to the job on October 17, 1990 at the Compost Center, Melville, New York. The chipper was to be delivered to Ed Farquhar.
Pursuant to Mr. Prospect’s instructions and agreement, the plaintiff prepared a written rental agreement indicating the rental for the two-month period from October 17, 1990 to December 17, 1990 for a total of $3,000. On October 17, 1990, the chipper was delivered to Ed Farquhar at the job site in Melville, New York. At that time, the rental agreement was signed by Ed Farquhar, T.O.H., said initials signifying the Town of Huntington.
The defendant used the woodchipper for the two-month period from October 17, 1990 to December 17, 1990, at which time the plaintiff picked up the equipment. To date, the defendant has failed to pay the plaintiff any part of the $3,000 rental fee.
The defendant opposes the instant motion for summary judgment, relying on the two affirmative defenses raised in its verified answer, which reads in part as follows:
"as and for a first affirmative defense
"3. That the contract asserted in the Complaint was not made on behalf of the defendant, Town of Huntington by an authorized agent.
"as and for a second affirmative defense
"4. That the contract asserted in the complaint was not authorized by the defendant, Town of Huntington pursuant to Town Law Section 64 (6).”
For the following reasons, the court is of the opinion that the defendant’s defenses are insufficient to withstand a motion for summary judgment and that the instant motion must be granted.
The law is clear that municipal corporations may ratify *464 contracts made on their behalf which they would otherwise have authority to make (27 NY Jur 2d, Counties, Towns, and Municipal Corporations, § 1219). Thus, a municipal corporation may ratify a contract and make it a binding obligation, if the contract was within its general powers but was invalid because defectively or irregularly executed, or because the officer or agent who executed it on behalf of the municipality lacked the requisite authority. (27 NY Jur 2d, Counties, Towns, and Municipal Corporations, § 1219.) "Ratification may be by express assent, or by acts or conduct of the principal, inconsistent with any other supposition than that it intended to adopt and own the act done in its name.” (27 NY Jur 2d, Counties, Towns, and Municipal Corporations, § 1219.) In the case at bar, the court is of the opinion that regardless of whether the contract between the parties herein was made on behalf of the defendant by an authorized agent or that it was not authorized by the defendant pursuant to statutory requirements, the retention and use of the woodchipper by the defendant for a period of two months constitutes a ratification of the agreement for which the defendant must be held accountable.
Moreover, the law is equally well settled that a municipality which accepts the benefit of one’s goods or services should be obligated to pay for them, if the authority to make such a contract existed (27 NY Jur 2d, Counties, Towns, and Municipal Corporations, § 1221). That is, the principles of equity and fair dealing require a municipal body, based upon a theory of implied or quasi contract, to pay the reasonable value of property received or services rendered, provided that such property or services would be the proper subject of an express contract and are within the contractual power of the governmental body (27 NY Jur 2d, Counties, Towns, and Municipal Corporations, § 1221).
Where, as here, the defendant has voluntarily received the use and benefit of plaintiffs property, justice dictates that the defendant be liable for payment thereon, since the defendant would ordinarily have the authority to contract therefore.
Accordingly, under the circumstances and in light of the above, the court is constrained to grant the plaintiffs motion for summary judgment. However, an inquest will be held at a date and time to be set by the clerk of the court to determine *465 the proper and reasonable amount of attorney’s fees and hence, the total amount of the judgment. In the alternative, the court will grant the sum of $800 as and for attorney’s fees without the necessity of an inquest, if consented to by both attorneys on behalf of their respective clients.